I agree with Deputy Commissioner Taylor that the greater weight of the medical evidence in the record fails to establish that plaintiff's carpal tunnel syndrome was proximately caused by conditions characteristic of and particular to plaintiff's employment with defendant-employer and that plaintiff's job as a firefighter placed plaintiff at an increased risk of contracting this condition than members of the general public not so employed. Therefore, plaintiff does not have a compensable occupational disease. N.C. Gen. Stat. § 97-53 (13). Drs. Koman, Poehling and Noah, the three orthopaedic surgeons deposed before the record was closed in this matter, each stated their opinion that firefighting does not put plaintiff at an increased risk of contracting carpal tunnel syndrome as compared to members of the general public. The evidence of record also shows that plaintiff's job duties were varied and involved no strenuous use of his hands or arms on a daily basis. Plaintiff's work schedule as a firefighter consisted of 24 hour shifts; he was on the job for 24 hours and then off for the next 48 hours. During the time when plaintiff was on the clock, he was primarily involved in routine activities around the firehouse. Very seldom did plaintiff engage in the strenuous activity of fighting fires. Additionally, plaintiff suffered from carpal tunnel syndrome prior to his employment as a firefighter with the City of Lexington and also held a part-time job as a landscape maintenance assistant six months of each year.
Although the greater weight of the medical evidence of record shows that plaintiff does not have a compensable occupational disease, the majority allows the affidavit by Dr. Furr into the record and bases its decision on Dr. Furr's opinion that plaintiff's employment as a firefighter was a substantial factor in the development of plaintiff's carpal tunnel syndrome and that his employment placed him at an increased risk of developing carpal tunnel syndrome. The affidavit should not be admitted into the record. Dr. Furr provided treatment to plaintiff after the hearing before the Deputy Commissioner but prior to the close of the record in the case. Plaintiff had nine months within which to take depositions prior to the closing of the record by Deputy Commissioner Taylor, but chose not to depose Dr. Furr. Plaintiff first raised the issue of the treatment by Dr. Furr in his motion to take additional evidence filed with the Full Commission January 22, 2001, two days before oral arguments before the Commission. By admitting Dr. Furr's evidence into the record in the form of an affidavit, the majority deprives the defendant of the opportunity to cross examine Dr. Furr. Under our rules, plaintiff has failed to show sufficient grounds to reopen the record to receive additional evidence. N.C. Workers' Compensation Rule 701(6). Although the Full Commission has discretion in this area, I believe the majority has abused that discretion.
For the foregoing reasons, I must respectfully dissent from the majority in this case.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER